UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ROBBIE BABB TURPIN                          CIVIL ACTION NO. 6:12-cv-02007

VERSUS                                      JUDGE DOHERTY

COOPER TIRE & RUBBER CO.,                   MAGISTRATE JUDGE HANNA
ET AL.

## MEMORANDUM  RULING

Pending before the Court is the plaintiff's motion to remand (Rec. Doc. 18).

The motion is opposed.  Oral argument was heard on September 25, 2012.  For the

following reasons, the motion will be GRANTED,  and this case will be

REMANDED to the state district court from which it originated.

Also pending are the motion to dismiss the allegedly improperly joined party

(Rec. Doc. 15) that was filed by Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, and

Wal-Mart Louisiana, LLC ("the Wal-Mart defendants"); the plaintiff's motion to

amend her complaint (Rec. Doc. 23); the Wal-Mart defendants' motion for leave to

conduct discovery regarding the plaintiff's proposed third supplemental and

amending complaint (Rec.Doc. 26) and the plaintiff's motion for leave to file a fourth

amended petition (Rec. Doc. 30).  For the reasons explained below, since the

undersigned finds that  subject matter jurisdiction does not exist over this action, the

Court cannot rule on those motions.

### FACTUAL  BACKGROUND

On March 22, 2011, Daniel Turpin purchased a 1995 Nissan Pathfinder from

RGC Auto Sales, LLC for $3,500.  A week later, on March 29, 2011, Mr. Turpin had

the motor tuned up at Motor Service Garage, Inc.  On July 2, 2011, Mr. Turpin, who

lived in Morgan City, went to visit his mother in Alexandria.  While there, on July 3,

he purchased two new tires at Wal-Mart and had them installed on his Pathfinder.

The new tires were allegedly installed on the Pathfinder's front axle.  The next day,

as Mr. Turpin was driving on I-49, the left rear tire allegedly "experienced a tread

separation."  Mr. Turpin allegedly lost control of the vehicle, which rolled over, and

Mr. Turpin died as a result of the injuries he sustained in the crash.

Robbie Babb Turpin, Mr. Turpin's mother, filed this wrongful death and

survival action lawsuit in the 27th Judicial District Court, St. Landry Parish,

Louisiana.  She sued Cooper Tire & Rubber Company (the alleged manufacturer of

the accident tire); Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, and Wal-Mart

Louisiana, LLC (the alleged seller and installer of the new tires); and RGC Auto

Sales, LLC (the alleged seller of the vehicle).  The claim against Cooper Tire is based

on the allegation that the accident tire was unreasonably dangerous under the

Louisiana Products Liability Act.  The claim against RGC is based on the allegation that the accident tire was seven years old and therefore should not have been sold along with the Pathfinder.  The claim against the Wal-Mart defendants is based on the allegation that installation of the two new tires on the Pathfinder's front axle rather than the rear axle violated a Wal-Mart policy that is grounded on safety concerns.

The plaintiff contends that the original petition was filed in the state-court action on September 29, 2011.[1]  On January 26, 2012, Cooper Tire filed a motion to strike the original petition, contending that it contained numerous paragraphs that did nothing other than cast aspersions on Cooper Tire,[2] and on February 27, 2012, a joint motion to remove the original petition from the record was filed.[3]  The motion was granted, and the original petition was stricken from the record.[4]  A first supplemental and amending petition was filed on or about January 24, 2012.[5]  A second supplemental and amending petition was filed on or about February 17, 2012.[6]

---

[1]      Rec. Doc. 18 at 2.

[2]      Rec. Doc. 1-3 at 1.

[3]      Rec. Doc. 1-3 at 45-46.

[4]      Rec. Doc. 17-3 at 277.

[5]      Rec. Doc. 1-3 at 19-29.

[6]      Rec. Doc. 1-3 at 84-93.

The Wal-Mart defendants removed the action to this forum on July 25, 2012,

alleging that this Court has jurisdiction under 28 U.S.C. § 1332.  In their removal

notice, the removing defendants claim that the plaintiff is diverse in citizenship from

the Wal-Mart defendants and Cooper Tire and that the citizenship of defendant RGC

should be disregarded because it was improperly joined as a defendant in the lawsuit.

The plaintiff then filed the instant motion to remand.

## ANALYSIS

Federal district courts are courts of limited jurisdiction, possessing only the

power authorized by the Constitution and by statute.[7]  Accordingly, federal courts

have subject matter jurisdiction only over civil actions presenting a federal question[8]

and those in which the amount in controversy exceeds $75,000 exclusive of interest

and costs and the parties are citizens of different states.[9]  For that reason, a suit is

presumed to lie outside a federal court's jurisdiction until the party invoking federal-

court jurisdiction establishes otherwise.[10]  Because "the effect of removal is to deprive

---

[7]     See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010); *Howery v. Allstate Ins., Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[8]     28 U.S.C. § 1331.

[9]     28 U.S.C. § 1332.

[10]     *Howery v. Allstate*, 243 F.3d at 916.

the state court of an action properly before it, removal raises significant federalism

concerns."[11]  The removal statute is therefore to be strictly construed, and any doubt

about the propriety of removal must be resolved in favor of remand and against

federal-court jurisdiction.[12]  The party invoking subject matter jurisdiction in federal

court has the burden of establishing the court's jurisdiction by a preponderance of the

evidence.[13]   When an action is removed from state court, as this suit was, the

removing party bears the burden of proving that federal jurisdiction exists.[14]

Accordingly, the Wal-Mart defendants and Cooper Tire, as the removing parties, have

the burden of establishing that this Court has jurisdiction over this matter.

To remove a case based on diversity jurisdiction, a defendant must demonstrate

"that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332

are satisfied."[15]  Thus, the removing defendant must establish that the amount in

---

[11]     *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995).

[12]     *Carpenter v. Wichita Falls*, 44 F.3d at 366; *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[13]     *Howery v. Allstate Ins. Co.*, 243 F.3d at 919; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[14]     *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

[15]     *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (*en banc*).

controversy exceeds $75,000 and the parties are diverse in citizenship.[16]  In this case,

the removing defendants contend that these criteria are satisfied when the citizenship

of an allegedly improperly joined defendant is disregarded, while the plaintiff argues

that the removing defendants have not proven that diversity jurisdiction exists.[17]

## A.   DOES THE AMOUNT IN CONTROVERSY EXCEED THE STATUTORY THRESHOLD?

The amount in controversy is the sum claimed by the plaintiff in his complaint

if the claim was apparently made in good faith.[18]  When the complaint does not state

a specific amount of damages, the defendant must establish by a preponderance of the

evidence that the amount in controversy exceeds the jurisdictional threshold.[19]  This

burden can be satisfied either by demonstrating that the amount in controversy is

facially apparent from the plaintiff's pleadings or by setting forth the facts in

controversy, with summary-judgment-type evidence, that support a finding of the

---

[16]       28 U.S.C. § 1332.

[17]       The plaintiff also objected that the consent of all of the defendants had not been obtained at the time of removal pointing to the absence of a consent by RGC. However, the plaintiff withdrew that objection at oral argument after RGC filed its opposition documenting the consent it had filed. (Rec. Docs. 19, 28)

[18]       *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253; *De Aguilar v. Boeing Co*., 47 F.3d at 1408; *Nat'l Union Fire Ins. Co. of Pittsburgh v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992).

[19]       *Simon v. Wal–Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co*., 63 F.3d 1326, 1335 (5th Cir. 1995).

requisite amount.[20]   Thus, the district court must first examine the complaint to determine whether it is facially apparent that the plaintiff's claims exceed the jurisdictional threshold; if it is not facially apparent, the court may then rely on summary-judgment-type evidence to ascertain the amount in controversy.[21]   Any doubts as to the propriety of removal should be construed strictly in favor of remand.[22]

In Louisiana, plaintiffs are not permitted to plead a specific dollar amount of damages.[23]   Therefore, the original petition filed in this lawsuit does not request recovery of a specific amount.  There is, however, an indication on the face of the petition that the amount in controversy might be greater than the jurisdictional minimum in that the plaintiff requests a trial by jury, which would, under Louisiana law, require an amount in controversy of at least $50,000.[24]

Furthermore, there are certain situations in which the nature of the alleged injury or the type of damages claimed will support a conclusion that the amount-in-

---

[20]    *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Allen v. R & H*, 63 F.3d at 1335.

[21]    *Luckett v. Delta Airlines*, 171 F.3d at 298; *Allen v. R & H*, 63 F.3d at 1335.

[22]    *Manguno v. Prudential*, 276 F.3d at 723.

[23]    Louisiana Code of Civil Procedure Article 893(A)(1).  See, also, *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 388 (5th Cir. 2009).

[24]    Louisiana Code of Civil Procedure Article 1732(1).

controversy threshold has been crossed.[25]   In this lawsuit, the plaintiff seeks to

recover for Daniel Turpin's alleged wrongful death and also for his alleged survival

between the time of the accident and his death.  The undersigned therefore finds that

it is facially apparent from the plaintiff's petitions that the amount in controversy

exceeds the $75,000 statutory threshold for jurisdiction under 28 U.S.C. § 1332.

**B.**    **ARE THE PARTIES DIVERSE IN CITIZENSHIP?**

The factual basis upon which jurisdiction depends must be alleged

affirmatively and distinctly and cannot be established argumentatively or by

inference.[26] Therefore, when jurisdiction depends on citizenship, citizenship must be

distinctly and affirmatively alleged.[27]

The removing defendants invoked this Court's jurisdiction by removing the

case from state to federal court.  Accordingly, the removing defendants had the

---

[25]    See, e.g., *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed.Appx. 62, 67 (5th Cir. 2010)
("We conclude that it is facially apparent that each plaintiff's wrongful death claim satisfies the
amount in controversy requirement."); *Davis v. Grider*, 2000 WL 634655, at *2 (5th Cir. 2000);
*Stockstill v. Wal-Mart Stores, Inc.*, No. 10-95-FJP-SCR, 2010 WL 6494058, at *2 (M.D. La. Dec.
20, 2010) ("A review of the types of injuries alleged in the petition at the time of removal clearly
establish that the jurisdictional amount has been met.  As the defendants pointed out, these injuries
include serious head, brain, and neurological injuries to a 2 ½ year old child.  Plaintiff also described
Maizie's injuries as severe, lifelong, and debilitating.")

[26]    *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983).

[27]    *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir.
1988).

burden of, first, pleading diversity of citizenship distinctly and affirmatively in their removal notice and, second, proving that the parties are diverse in citizenship in response to the plaintiff's remand motion.  The removing defendants failed to carry their burden initially in the removal notice, but filed a motion to amend their Notice of Removal which affirmatively and distinctly set forth the citizenship of the parties.[28]

In the Amended Notice, the removing defendants set forth that Cooper Tire & Rubber Company is a Delaware Corporation with its principal place of business in Ohio.  The Amended Notice also sets forth that all of the members of the Wal-Mart entities are likewise diverse from the plaintiff.  The citizenship of RGC's members is not set forth, however, the removing defendants admit RGC is not diverse from the plaintiffs, but their citizenship should be disregarded as they are improperly joined.

At oral argument, the plaintiff relented on her objection to the citizenship allegations in the original Notice of Removal and this Court granted the Wal-Mart defendants' Motion to Amend Notice of Removal which adequately sets forth the citizenship of the parties.[29]  Therefore, the only issue left to be considered in order to determine if the court has jurisdiction is whether RGC has been improperly joined.

---

[28]     Rec. Doc. 25.

[29]     Rec. Doc. 35.

## C.   WAS RGC IMPROPERLY JOINED?

To demonstrate the improper joinder of a non-diverse defendant, the removing

defendants must demonstrate either:  (1) actual fraud in the pleading of jurisdictional

facts, or (2) inability of the plaintiff to establish a cause of action against the

non-diverse party in state court.[30]   Although the Wal-Mart defendants use the term

"fraudulent joinder," which has now been replaced by the term "improper joinder,"[31]

the Wal-Mart defendants have not alleged any actual fraud on the part of the plaintiff;

instead, they contend that there is no possibility of the plaintiff recovering against

RGC.

When assessing whether diversity jurisdiction exists, a court must disregard the

non-diverse citizenship of an improperly joined defendant.  But a defendant who

contends that a non-diverse party is improperly joined has a heavy burden of proof.[32]

The court must ordinarily evaluate all of the factual allegations in the plaintiff's state

court pleadings in the light most favorable to the plaintiff, resolving all contested

issues of substantive fact in favor of the plaintiff.[33]  If the court then finds that there

---

[30]      *Gasch v. Hartford*, 491 F.3d at 281.

[31]      *Smallwood v. Ill. Cent.*, 385 F.3d at 571 n. 1.

[32]      *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).

[33]      *Green v. Amerada Hess*, 707 F.2d at 205; *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

is *no possibility* of recovery against the non-diverse party, the non-diverse party has been improperly joined, and its citizenship must be disregarded for jurisdictional purposes. The test to be applied in evaluating improper joinder is "whether the defendant has demonstrated that there is *no possibility of recovery* by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[34]

In the plaintiff's petition, as amended, the plaintiff alleges that RGC sold the Pathfinder to Daniel Turpin with the seven-year-old accident tire on the vehicle, that they were negligent in doing so, and in addition, for failing to warn Mr. Turpin about the danger of aging tires.[35] The Wal-Mart defendants argue that a photograph depicting Daniel Turpin and his Pathfinder taken on the date of purchase, which was produced by the plaintiff in response to discovery requests propounded by RGC,[36] when compared a photograph of the accident tire[37] conclusively proves that the

---

[34]    *Smallwood v. Illinois Cent.*, 385 F.3d at 577 (emphasis added).

[35]    Rec. Doc. 1-3, p. 95 at ¶14-18, pp. 101-102 at ¶ 92-97.

[36]    Rec. Doc. 27-4 at 3.

[37]    Rec. Doc. 27-3 at 4, 14.

plaintiff cannot possibly recover against RGC with regard to the theory set forth in the plaintiff's second supplemental and amending petition.

The Wal-Mart defendants argue that the comparison of the photographs conclusively proves that the tires on the Pathfinder at the time of purchase were white wall tires, while the accident tire was not a white wall tire.[38]  They further argue that the photographs conclusively establish that, since the accident tire was not on the Pathfinder at that time, i.e. on the date of the sale,  there is no possibility for the plaintiff to recover from RGC based on the allegations in the petition.

The plaintiff argues that the photograph taken on the date of purchase, standing alone, does not necessarily depict the condition of the vehicle at the time it was sold to Mr. Turpin.  The discovery response states: "Photograph of Daniel Turpin standing next to the subject vehicle on the day he purchased it."[39]  There is no indication in the record where the photograph was taken, by whom it was taken, or when it was taken, i.e. before or after Mr. Turpin made the purchase.

The petition alleges the tread on the left rear tire separated causing the Pathfinder to roll.[40] The photograph of the vehicle shows only two of its tires,

---

[38]     The Wal-Mart defendants also suggest that the photographs depict tires with different "profiles" or sizes.  Such a conclusion cannot be drawn from a review of the photographs.

[39]     Rec. Doc. 27-4, p. 2-3.

[40]     Rec. Doc. 1-3, p. 98, ¶ 43-44. See also Rec. Doc. 27-2, p. 6.

however, the left rear tire is one of them and it is a white wall unlike the  accident tire

in the comparison photograph advanced by the Wal-Mart defendants.

However, no evidence was produced establishing what tires were on the side

of the vehicle that is not visible in the photograph.  What evidence is in the record is

that RGC Auto Sales in Ball, La. sold the vehicle to Mr. Turpin who lived in Morgan

City on March 22, 2011.[41] Mr. Rusty Carmouche was the salesperson.[42]  Both he and

Mr. Jerry Roberts, who are employed by RGC, may have information regarding the

condition of the tires at the point of sale, but there is no affidavit or other testimony

from either of them.[43]  The vehicle had a "break down" on July 3, 2011 on the

northbound on ramp of Interstate 49 in Alexandria and was towed to Wal-Mart on

North Mall Dr.[44] Two tires were purchased from Wal-Mart that same day and were

installed on the vehicle, although there is no service ticket showing where the new

tires were installed.[45]  The allegations in the petition are that the new tires were both

installed on the front but there is no evidence to establish whether, and if so how, the

other two tires were rotated.

---

[41]     Rec. Doc. 27-5, p. 7, see also 27-3, p. 11.

[42]     Id.

[43]     Rec. Doc. 27-5, p. 2-3.

[44]     Rec. Doc. 27-3, p. 13.

[45]     Rec. Doc. 27-3, p. 10.

This Court raised the possibility that the white wall tires depicted in the photograph of the vehicle had been turned around on their rims so that the white walls did not show as it is common knowledge that some tires are white walls on one side but not on the other, and it is also common knowledge that tires can be mounted either with the white walls showing or not. Wal-Mart supplemented its response to remand with a photograph depicting the opposite side of the accident tire and it is not a white wall.[46] But the Wal-Mart defendants have offered no evidence showing both sides of *all* of the tires. The Wal-Mart defendants have not eliminated the possibility that the photograph was not taken of the vehicle at the time of purchase in the condition the vehicle was in at the time of purchase, that the four tires on the Pathfinder at the time of purchase were not all white wall tires, or that the accident tire was not installed either at the time of purchase by RGC or that the accident tire may have been on the side not depicted in the photograph.

As pointed out, the removing defendant bears a very heavy burden on the issue of improper joinder, i.e. to demonstrate there is *no possibility* of recovery by the plaintiff against the non-diverse defendant. In short, while the Wal-Mart defendants might ultimately prevail at trial, or possibly even on summary judgment, they have not eliminated the possibility the accident tire was on the Pathfinder when the vehicle

---

[46]     Rec. Doc. 32-1.

was purchased by Mr. Turpin. Therefore, the Wal-Mart defendants have not proven that there is no possibility that the plaintiff can recover against RGC on the theory advanced in her second supplemental and amending petition. Consequently, they have not met their heavy burden of proving that RGC was improperly joined as a defendant in this lawsuit and this Court is without subject matter jurisdiction.

## E.     OTHER PENDING MOTIONS

As noted previously, also pending are the Wal-Mart defendants' motion to dismiss the allegedly improperly joined party (Rec. Doc. 15), which was referred to the undersigned for report and recommendation;[47] the plaintiff's motion to amend her complaint (Rec. Doc. 23); the Wal-Mart defendants' motion for leave of court to conduct discovery regarding jurisdictional facts (Rec. Doc. 26); and the plaintiff's motion for leave to file a fourth amended petition (Rec. Doc. 30). As explained above, however, the undersigned finds that this Court has no jurisdiction over this action. Accordingly, the Court must decline to rule on these four pending motions.

## CONCLUSION

The defendants removed this action from state court, contending that the amount in controversy exceeds the jurisdictional threshold, that the plaintiff is diverse in citizenship from Cooper Tire and the Wal-Mart defendants, and that the citizenship

---

[47]      Rec. Doc. 22.

of RGC must be disregarded because RGC was improperly joined as a defendant in the suit.  The Wal-Mart defendants filed a motion for leave of court to amend their notice of removal (Rec. Doc. 25), which was granted, and the notice adequately sets forth the diversity of the parties with the exception of RGC.  For the reasons explained above, however, the defendants did not satisfy their burden of proving that RGC was improperly joined.  Consequently, the defendants did not prove that this Court has jurisdiction over this action.  Accordingly, the undersigned concludes that this Court lacks subject matter jurisdiction, and the plaintiff's motion for remand (Rec. Doc. 18) is GRANTED.  Because it lacks jurisdiction, the Court declines to rule on the other pending motions (Rec. Docs. 15, 23, 26, and 30).

Signed at Lafayette, Louisiana, this 5th day of October 2012.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE