RECEIVED
DEC 2 1 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ROBBIE BABB TURPIN      CIVIL ACTION NO. 12-2007

VERSUS      JUDGE DOHERTY

COOPER TIRE & RUBBER CO., ET AL.      MAGISTRATE JUDGE HANNA

## MEMORANDUM RULING

Pending before the Court is an Appeal of the magistrate judge's Memorandum Ruling on Motion to Remand [Doc. 39], in which the magistrate judge concluded in-state defendant RGC Auto Sales, LLC was not improperly joined and this Court, therefore, lacks subject matter jurisdiction over the case. The magistrate judge ordered that the case be remanded to the 27th Judicial District Court for the Parish of St. Landry, Louisiana. Defendants Wal-Mart Stores East LP, Wal-Mart Stores, Inc., and Wal-Mart Louisiana LLC (hereinafter "Wal-Mart" or "the Wal-Mart defendants") appealed to this Court, arguing RGC was, in fact, improperly joined, as there is no possibility plaintiff can recover from RGC under the negligence theory of liability pled by the plaintiff. Accordingly, Wal-Mart requests a reversal of the magistrate judge's ruling remanding the case. Plaintiff filed a response to the Appeal [Doc. 45], and Wal-Mart seeks leave to file a reply brief [Doc. 48], which is hereby granted and the brief will be considered by this Court, within this Ruling.

The crux of the matter on appeal, under the applicable standard, is whether there is any possibility of recovery by plaintiff against in-state defendant RGC. If there is any possibility of recovery by plaintiff against RGC, RGC was properly joined, and as RGC is a Louisiana corporation, diversity is destroyed; if there is no possibility or recovery against RGC, RGC was improperly joined and absent RGC, diversity jurisdiction would exist. Should diversity jurisdiction fall, remand could

be in order. Again, if there is *no* possibility of recovery by the plaintiff against RGC, under the applicable standard, this Court must necessarily conclude RGC was improperly joined. If RGC was improperly joined, the dismissal of RGC could flow (although dismissal has not specifically been requested in the pending motion), and complete diversity could then exist among the remaining parties,[1] which would allow the case to remain in this Court. The latter position is that espoused by the Wal-Mart defendants.

Based on the evidence that was presented to and considered by the magistrate judge, and for the reasons more fully discussed in this Ruling, this Court affirms the magistrate judge's ruling remanding this case to state court. However, Wal-Mart is now arguing, for the first time, additional evidence that was not argued or presented to the magistrate judge. This Court declines to consider the evidence that was not presented to the magistrate judge without addressing the dilatory and questionable posture of that evidence, and will address this problematic procedural issue in due course. However, on the narrow issue properly before this Court, this Court affirms the result reached by the magistrate judge, nonetheless for reasons noted below, this Court will stay remand of the matter to the 27th Judicial District Court for the Parish of St. Landry, Louisiana for a period of twenty-one (21) days to allow any party, should it wish, to present any additional evidence to the magistrate judge not originally submitted to the magistrate judge on the discrete issue of remand.

I.  **Factual Background and Procedural History**

The factual and procedural background are set forth in the magistrate judge's Memorandum

---

[1] It bears noting that in the instant Appeal, the only relief requested by Wal-Mart is that "the Order of remand entered by Magistrate Judge Patrial J. Hanna on October 5, 2012 be reversed and plaintiff's Motion to Remand be denied." Wal-Mart pointedly does not seek dismissal of RGC in this motion, although it does seek dismissal of RGC as a party in a separately-filed "Motion to Dismiss Improperly Joined Defendant" [Doc. 15], a motion the magistrate judge ruled he did not have jurisdiction to adjudicate, once he determined this Court lacks subject matter jurisdiction over the case on the motion to remand.

2

Ruling and are hereby incorporated by reference *in toto*. None of the indicia of diversity jurisdiction are in dispute except the issue inherent in improper joinder, i.e. whether there is any possibility of recovery by the plaintiff against in-state defendant RGC given the somewhat unique procedural posture and vehicle selected.

## II. Law and Analysis

### A. Standard of Review

With some exceptions inapplicable for purposes of this motion, a magistrate judge may hear and determine any pre-trial matter pending before a district court. 28 U.S.C. §636(b)(1). Federal law affords the magistrate judge broad discretion in the resolution of non-dispositive matters. *See* Fed. R. Civ. P.72(a). With regard to a non-dispositive matter, a district court will reverse a magistrate judge's ruling only if the party challenging the decision demonstrates that the magistrate's determination was clearly erroneous or contrary to law. *Id*; *Castillo v. Frank*, 70 F.3d, 382, 385-86 (5th Cir. 1995).

Although the law is, perhaps, unsettled in this circuit on this point, district courts in this circuit have generally adhered to the view that motions to remand are non-dispositive pretrial matters and have applied the clearly erroneous standard of review pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). *See, e.g., Lonkowski v. R.J. Reynolds Tobacco Co.*, No. Civ. A. 96-1192, 1996 WL 888182, at *2-4 (W.D. La. Dec. 10, 1996); *Vaquillas Ranch Co., Ltd. v. Texaco Exploration and Production, Inc.*, 844 F. Supp. 1156, 1162 (S.D. Tex. 1994); *Bethay v. Ford Motor Co.*, No. Civ. A. 99-0367, 1999 WL 496488, at *1 (E.D. La. July 13, 1999). The Fifth Circuit has not indicated such motions should be treated otherwise. As such, this Court will apply the "clearly erroneous" standard of review to the magistrate judge's Ruling.

Notwithstanding the foregoing standard of review, in the context of a matter which has been referred to a magistrate judge for *report and recommendation*[2] – and not an outright ruling – the Fifth Circuit has noted the failure to present arguments to the magistrate judge can, in certain circumstances, constitute a waiver of such argument. *See, e.g., Cupit v. Whitley*, 28 F.3d 532, 535 n. 5 (5th Cir.1994). In *Cupit*, the Fifth Circuit stated:

> In *Cupit*, the Fifth Circuit cited three cases expounding on this maxim. *See, e.g., Long v. McCotter*, 792 F.2d 1338, 1345 (5th Cir.1986) ("we ordinarily do not consider issues that have not been presented to the court of first instance") (citations omitted). *See also e.g., Paterson–Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990–991 (1st Cir.1988) (explaining that a party "has a duty to put its best foot forward" before the Magistrate Judge-i.e., "to spell out its arguments squarely and distinctly"-and, accordingly, that a party's entitlement to de novo review before the district court upon filing objections to the Report and Recommendation of the Magistrate Judge does not entitle it to raise issues at that stage that were not adequately presented to the Magistrate Judge); *Anna Ready Mix, Inc. v. N.E. Pierson Construction Co.*, 747 F.Supp. 1299, 1302–03 (S.D.Ill.1990) (thoroughly analyzing the federal Magistrate Judge Act, 28 U.S.C. § 631, et seq., and discerning therefrom that when a matter is assigned to a Magistrate Judge, Congress intended that the Magistrate Judge hear all arguments of the parties and take all evidence; and, accordingly, holding that while the Act provides for de novo review by the district court if timely objections are filed, it does not allow the parties to raise at the district court stage new evidence, argument, and issues that were not presented to the Magistrate Judge-"absent compelling reasons").

28 F.3d at 535 n.5.

Here, the magistrate judge actually *ruled* on the pending motion to remand, and, thus, the matter comes to this Court by way of appeal. Under these circumstances, this Court concludes the foregoing principle should have even stronger application as the magistrate judge conclusively ruled on the issue of remand, and the appeal asks this Court to consider evidence to which the magistrate

---

[2] With respect to a report issued by a magistrate judge, pursuant to 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the [magistrate judge's] report [and recommendation] or specified proposed findings or recommendations to which objection is made." Section 636(b)(1) further states "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *See, e.g., Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir.1983).

judge was not privy at the time he ruled.

### B. Standard for Removal

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), *citing Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). This Court must presume a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Howery,* 243 F.3d at 916. Thus, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Property and Cas. Insurance. Co.*, 276 F.3d 720, 723 (5th Cir.2002), *citing De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995). *See also Stafford v. Mobil Oil Corp.,* 945 F.2d 803, 804 (5th Cir.1991) ( "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction."), *quoting Getty Oil Corp . v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1259 (5th Cir.1988). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno,* 276 F.3d at 723, *citing Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir.2000).

### C. Improper Joinder

The issue before the Court is whether subject matter jurisdiction exists by way of diversity because RGC, the party which would destroy diversity, was improperly joined. Thus, the foundational question within the immediate procedural context is whether RGC was improperly joined. "Fraudulent [or improper] joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir.2003). The latter is

the immediate focus of the present motion, although some foreshadowing of the second prong might be in evidence.

### 1. Fraud

First, this Court notes there is a dispute between the parties regarding whether Wal-Mart has previously argued the plaintiff perpetrated fraud in pleading the jurisdictional facts. Wal-Mart argues Wal-Mart did, in fact, argue to the magistrate judge that the plaintiff committed fraud in the pleading of jurisdictional facts, and the magistrate judge's conclusion that fraud was *not* alleged was error.[3] The plaintiff disputes this and points to the fact that in their Notice of Removal, the Wal-Mart defendants sought removal on grounds there is no possibility of recovery by the plaintiff against RGC, not that RGC had committed fraud in the pleading of jurisdictional facts. Plaintiff argues Wal-Mart did not allege fraud until it filed its first response to the plaintiff's motion to remand, and did not argue fraud to the magistrate judge at oral argument on the motion to remand. Accordingly, plaintiff argues Wal-Mart's passing reference to fraud – without any additional support in its briefing or in its argument before the Court prior to the magistrate judge's ruling – results in a waiver of the argument on appeal.

It is unclear whether Wal-Mart was or is, in fact, arguing "fraud" as a matter related to or subsumed by the allegation of improper joinder, or whether Wal-Mart is asserting a separate and independent counterclaim or defense of actual fraud against the plaintiff (which would, indeed, as

---

[3] The magistrate judge noted in his ruling:

> Although the Wal-Mart defendants use the term "fraudulent joinder," which has not been replaced by the term "improper joinder," the Wal-Mart defendants have not alleged any actual fraud on the part of the plaintiff; instead, they contend that there is no possibility of the plaintiff recovering against RGC."

*See* Memorandum Ruling, Doc. 39, p. 10 (footnote omitted).

6

alluded to by Wal-Mart in its briefing, touch on Rule 11). Despite the lack of clarity, however, this Court need not make that determination because based upon the evidence presented to the magistrate judge – which is the only evidence this Court will review and consider on appeal at this juncture and within this limited procedural context – there is no *evidence* before the Court that the plaintiff *fraudulently* pled jurisdictional facts. Perhaps there might or might not be, or might or might not have been *argument*, but this Court finds there is not sufficient, persuasive, relevant evidence to carry Wal-Mart's burden as to the first prong of the inquiry. If Wal-Mart wishes to pursue separate and independent allegations of fraud in the future, it should do so with particularity and in a manner that makes clear its intent.

2. **Is there any possibility of recovery?**

In order to show joinder was improper under the second test, Wal-Mart must demonstrate "there is no possibility of recovery by the plaintiff against [the] in-state defendant[s]." *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir.2004). This Court notes the burden of persuasion on those claiming fraudulent joinder is a heavy one. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462, citing *Travis v. Irby,* 326 F.3d 644, 648 (5th Cir. 2003).

The Fifth Circuit has defined the fraudulent joinder standard in various ways. As explained by the court in *Ross*:

> Recent opinions, however, have clarified [the] standard. "Any argument that a gap exists between the 'no possibility' and 'reasonable basis' of recovery language was recently narrowed, if not closed." The court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability. <u>This means that there must be a reasonable possibility of recovery, not merely a theoretical one.</u>

344 F.3d at 462 (emphasis added) (internal citations omitted).

The Fifth Circuit has stated in conducting an inquiry as to whether a plaintiff has a reasonable basis of recovery under state law, the court may utilize one of two procedures, as follows:

> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.
>
> While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. *We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.*

*Smallwood*, 385 F.3d at 574 (emphasis added).

Thus, "[s]ince the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, *the focus of the [summary] inquiry must be on the joinder, not the merits of the plaintiff's case.*" *Id.* (emphasis added) *Accepting all well-pleaded facts as true and in favor of plaintiff*, if the defendant can show there is *no reasonable basis* for the district court to predict the plaintiff might be able to recover against the in-state defendant, then joinder is improper. *Travis,* 326 F.3d at 648 (emphasis added).

        **a.**        **Whether Wal-Mart can meet its burden as a matter of law**

As an initial matter, this Court concludes Wal-Mart fails to carry its heavy burden of showing

there is no possibility of recovery by the plaintiff against RGC *as a matter of law* within the selected procedural inquiry. As the magistrate judge noted in his ruling, "[t]he claim against RGC is based on the allegation that the accident tire was seven years old and therefore should not have been sold along with the" vehicle or a warning should have issued.[4] This Court does not find Wal-Mart has carried its burden to demonstrate there is *no possibility of recovery* on the claims alleged by plaintiff against RGC, especially in light of the relatively expansive standard for negligence under Louisiana law.[5] This Court, without further guidance from the applicable state courts – and neither party directs this Court to any such jurisprudence – cannot find, *as a matter of law*, that there is no possibility of recovery. However, neither can this Court say there *is* possibility of recovery - rather this Court determines Wal-Mart *has not carried its burden* to establish it is due the relief requested by the procedural vehicle selected. Wal-Mart has not cited this Court to any jurisprudence holding that one cannot recover under the same or similar factual scenario *as a matter of law*, therefore this Court will not conclude, at this juncture, there is no possibility, *as a matter of law*, nor will this Court find there is a possibility, *as a matter of law*. Rather, the Court finds Wal-Mart has the burden in this context and Wal-Mart has not carried its burden within this narrow procedural context.

Consequently, any attempt to argue that there is no possibility of recovery *as a matter of law* must fail.

    c.    **Whether Wal-Mart can meet its burden as a factual matter**

The next inquiry is whether Wal-Mart can meet its burden to show there is no possibility of

---

[4] Although there are numerous references to the various complaints filed by the plaintiff, none of those complaints are attached as an exhibit to any party's brief, and this Court's review of the record uncovered 231 pages of state court exhibits, none of which was specifically identified by either party and through which the Court declined to sift with no direction given by the parties.

[5] Article 2315(A) of the Louisiana Civil Code states: "*Every act whatever* of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ. Code art. 2315 (emphasis added).

recovery by plaintiff against RGC *as a factual matter*. In this regard, the parties focus their arguments on the existence of certain photographs, chiefly a photograph purporting to show the plaintiff's decedent standing next to the vehicle in question on the date the decedent purchased the vehicle, as well as photographs of the subject tire following the accident. Wal-Mart's principle argument on this point is that the photographs conclusively demonstrate the accident tire could not have been on the vehicle at the time the decedent purchased the vehicle from RGC. The plaintiff disputes the foregoing, arguing the photo cannot be conclusive evidence of this pivotal fact as it is not known exactly when the photograph of the decedent and the vehicle was taken, and, therefore, it cannot be known whether the tire shown are the originals, and thus, whether the accident tire was on the vehicle at the moment of purchase. If the accident tire was on the vehicle at the time of purchase, it would argue for a possibility of recovery by the plaintiff against RGC under the negligence theory of liability alleged by the plaintiff against RGC. However, if the accident tire was *not* on the subject vehicle at purchase, it would argue against the possibility of recovery under the negligence theory argued, and Wal-Mart likely would prevail on the instant appeal. The Magistrate Judge engaged in a thorough summary inquiry of the facts and Wal-Mart now argues there are additional facts which should be considered; Wal-Mart's argument is misguided.

This Court concludes it need not address the argued validity of the discussion set forth by the magistrate judge in his Ruling regarding the different factual scenarios suggested by the photographs submitted by the parties. Rather, because this Court agrees with the magistrate judge that the photograph of the decedent standing next to his vehicle is not conclusive evidence and the facts surrounding the tires are in dispute, the factual issue of whether one of the original tires was the tire which failed *remains disputed, and thus the pivotal factual question(s) remain in dispute.*

*Consequently Wal-Mart cannot prevail within this narrow procedural context* as it cannot show there is no possibility of recovery as a factual matter. What other evidence might or might not exist is of no true moment *under this procedural vehicle*, as it is clear Wal-Mart cannot carry its burden to show that, factually, there is no *possibility* of recovery when a pivotal fact remains in dispute.

Wal-Mart's argument that the magistrate judge did not properly conduct a summary type procedure to and/or did or did not properly "pierce the pleadings" to resolve the issue surrounding the tire, as well as Wal-Mart's related arguments that they were not given an opportunity to present *all* evidence supporting their position before the magistrate judge ruled, again is misplaced under the narrow standard of the procedural vehicle chosen. None of the evidence sought to be introduced can conclusively resolve the issue of whether the accident tire was one of the original tires sold with the vehicle, as plaintiff submits evidence from which to argue the tire which failed was on the vehicle both at the time of purchase and the accident. Therefore, the pivotal issue remains disputed, and the mere fact that Wal-Mart continues to attempt to introduce additional facts to support *a disputed fact merely accentuates the conclusion the issue remains disputed by the parties* and, as such, Wal-Mart cannot meet the burden required by the procedural vehicle selected.[6] Consequently, Wal-Mart's argument that it has conclusively proved the issue surrounding the tire by the presentation of the photographic evidence is not persuasive and suggests a loss of focus as to the applicable standard at issue within the context of the procedural vehicle Wal-Mart selected.

Considering the foregoing, at this juncture, under this procedural inquiry, based on the evidence and argument that was presented to the magistrate judge, this Court concludes the ruling

---

[6] Wal-Mart's argument that the plaintiff has abandoned her negligence theory of liability is also not borne out by the pleading before the Court at this time. Indeed, in her response to the appeal before this Court, the plaintiff does not appear to have abandoned her argument that the accident tire could have been on the vehicle at the time of the sale from RGC to the decedent.

11

of the magistrate judge was correct and affirms the magistrate judge's ruling remanding this case to state court. However, within their Appeal, the Wal-Mart defendants now assert – *for the first time* – evidence not previously presented to or considered by the magistrate judge which could demand a contradictory result. Pursuant to *Cupit v. Whitley*, 28 F.3d 532, 535 n. 5 (5th Cir.1994), if this Court were addressing a report and recommendation prepared by the magistrate judge, this Court would note it is *not required* to consider arguments not raised before the magistrate judge and raised for the first time before this Court. Because the issues before the Court come before the Court by way of an appeal, the Court believes the foregoing principle should have even more efficacy, however, and to couch a ruling overturning the magistrate judges's conclusion on evidence not presented to the magistrate judge, and to rule against a party who has not had full opportunity to be heard, in this Court' opinion, would be violative of the spirit, if not the letter, of the inquiry at hand.

### 3.  Requests for Admission

On appeal to this Court, for the first time, Wal-Mart argues that, notwithstanding plaintiff's introduction of the competing photographs, and plaintiff's argument to the contrary, the plaintiff has <u>admitted</u> the determinative and heretofore disputed fact, i.e that the tire on the vehicle at the time of the accident was *not* on the vehicle at the time the decedent purchased the vehicle from RGC. Wal-Mart argues this admission by way of procedural effect, by virtue of plaintiff's having failed to respond to the following Request for Admission:

> Request for Admission No. 10
>
> Please a admit that the Cooper Cobra GT Tires were not on the accident vehicle when purchased by Daniel Turpin from RGC Auto Sales, L.L.C.

Wal-Mart argues the foregoing request for Admission was propounded on the plaintiff and

the plaintiff failed and continues to fail to respond, thus Wal-Mart argues pursuant to the Federal Rules of Civil Procedure, the fact is deemed admitted. However, Wal-Mart propounded the request for admission on October 12, 2012, *approximately one week after the magistrate judge ruled on the motion to remand*. It is not disputed plaintiff has not responded to the request for admission, however the magistrate judge *had already ruled when Wal-Mart propounded the request for admission*. Although Wal-Mart argues the issue of whether the accident tire was or was not an original tire has been conclusively determined by virtue of the plaintiff's failure to respond or object to the Request for Admission, a plethora of procedural issues surround the now argued Request for Admission and Wal-Mart's dilatory argument.

This Court notes, ordinarily, a matter admitted under Rule 36 of the Federal Rules of Civil Procedure is conclusively established unless the court, *on motion*, permits the admission to be withdrawn or amended.[7] However, this Court has concern as to the factual and procedural

---

[7] Federal Rule of Civil Procedure 36(a) states in pertinent part:

**(a) Scope and Procedure.**

> **(1) Scope.** A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
>> (A)  facts, the application of law to fact, or opinions about either; and
>>
>> (B)  the genuineness of any described documents.
>
> [ . . . . ]
>
> **(3) Time to Respond; Effect of Not Responding.** A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

[ . . . . ]

13

circumstances surrounding the Request for Admission, itself, and thus, the consequence of plaintiff's lack of response, and thus, the application of the usual result. In particular, a review of the docket sheet shows the Request for Admission, itself, may have been improperly propounded on the plaintiff. Specifically, Rule 26(d) states:

> (d) Timing and Sequence of Discovery.
>
>> (1) Timing. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

In the instant case, the parties have not yet conferred pursuant to Rule 26(f). Furthermore although Wal-Mart filed a motion for leave to conduct discovery [Doc. 26], the motion has not been adjudicated, as the magistrate judge concluded this Court lacks subject matter jurisdiction over this case. Therefore, there has been no court order permitting discovery, nor is the Court aware of any stipulation between the parties authorizing the commencement of discovery.

As question exists as to the appropriateness of the request for admission itself, and of plaintiff's necessity for response under the circumstances presented, and as Wal-Mart has appealed the magistrate judge's remand ruling, in part, on the basis of this evidence, and as this evidence was not presented to the magistrate judge (indeed, Wal-Mart propounded the Request for Admission approximately one week *after* the magistrate judge ruled on the pending motion to remand before

---

> **(b) Effect of an Admission; Withdrawing or Amending It.** *<u>A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.</u>* *Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.*

Fed.R.Civ.P. 36(a)(1) & (3), (b) (emphasis added).

discovery was open), this Court declines at this juncture, to consider the Request for Admission or its effect on the pending motion.

Rather, on the basis of the record *that was presented to the magistrate judge* on the question of remand, this Court AFFIRMS the magistrate judge's remand ruling of October 5, 2012. However, this Court *suspends the remand* of this matter to the 27th Judicial District Court for the Parish of St. Landry, Louisiana for a period of twenty-one (21) days, to allow any party that wishes to file whatever might be appropriate to present additional evidence or argument to the magistrate judge on the narrow issue of the Request for Admission. If, after twenty-one (21) days, no additional information or argument has been presented to the magistrate judge, this matter will be remanded to the 27th Judicial District Court for the Parish of St. Landry, Louisiana for lack of subject matter jurisdiction; should either party petition the magistrate judge to consider additional argument or evidence, the Court, again, suspends remand to await a determination by the magistrate judge.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 20 day of December, 2012.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

15